ALTENBERND, Chief Judge.
Brenda S. Brewer appeals an order modifying the final judgment that dissolved her marriage to John B. Brewer. The order reduced Mr. Brewer’s child support obligation and terminated his alimony obligation. We affirm the reduction of child support. Although a reduction in alimony was warranted, we reverse the termination of alimony and remand to the trial court for an award of at least nominal alimony.
The Brewers married in 1982 and divorced in 2000. They have five children, four of whom were minor children at the time of the proceedings before the trial court. It appears two of these children have since reached the age of majority. Ms. Brewer has primary residential responsibility for the minor children. During the eighteen-year marriage, Ms. Brewer did not work extensively outside the home, but she now works as a licensed practical nurse. Mr. Brewer is an attorney. The couple had a comfortable, but not lavish, lifestyle.
At the time of the divorce in 2000, the couple reached an agreement that permitted a stipulated judgment. At that time, Mr. Brewer was employed in-house by an insurance company and was earning in excess of $100,000 per year. His child support and alimony obligations were established on the assumption that he would continue to have earnings at this level. The divorce judgment called for reduced child support and alimony payments until the family home was sold. Thereafter, Mr. Brewer was obligated to pay $1945 per month in child support and $1500 per month in alimony. The alimony was scheduled to terminate upon Ms. Brewer’s death or remarriage or at the end of 120 months.[1]
Mr. Brewer lost his job in March 2001. For various reasons, he was unable to locate a comparable job and eventually opened an office as a sole practitioner. Based on this unexpected change in circumstances, he petitioned the trial court to *988 modify his alimony and child support obligations. At the hearing on his petition, he provided expert testimony from both an economist and a psychologist that supported his argument that his future earning capacity was very limited. The trial court accepted this testimony and reduced Mr. Brewer’s child support obligation to $625 per month for the four children.[2] The court also terminated his alimony obligation retroactive to December 2001. The retroactive date was selected because it aligned with the sale of the marital home and was after the date Mr. Brewer had filed his petition for modification. Because the alimony was to commence upon the sale of the marital home, the trial court’s order effectively negated the stipulated provision regarding alimony.
Mr. Brewer’s failure to support his family has been very difficult for Ms. Brewer and the children, and has placed them in dire economic straits. As a result, Ms. Brewer has, at times during these proceedings, been represented by Title IV-D counsel. See 42 U.S.C.- § 654(4)(A). On appeal, Ms. Brewer has based a portion - of her arguments, at least indirectly, on the theory that the Title IV-D lawyer could not represent her in connection with the modification of alimony. We conclude that Ms. Brewer’s argument is incorrect. Because the Department of Revenue was lawfully enforcing her rights as to child support, the Title IV-D counsel was permitted by statute to represent Ms. Brewer’s interests concerning Mr. Brewer’s petition to reduce her right to alimony. See, e.g., § 409.2554(10)(a), Fla. Stat. (2003).
The attorney who contracted with the State to represent Ms. Brewer attempted to limit his representation solely to the defense of Mr. Brewer’s request to reduce the child support.[3] This effort to limit the scope of representation resulted in confusion over who, as between Ms. Brewer and her Title IV-D counsel, had authority to stipulate to facts or procedures when they involved an issue common to both child support and alimony. Nevertheless, after a full review of the record, we conclude that Ms. Brewer’s concerns about the representation provided by the Title IV-D counsel are not grounds for reversal of the judgment in this case.
At the modification trial, there was competent, substantial evidence that Mr. Brewer had suffered a permanent and substantial change in circumstances. Based on the evidence presented, we cannot conclude that the trial court abused its discretion in reducing Mr. Brewer’s child support obligation. We also find no abuse of discretion in the trial court’s decision to grant a downward modification of the alimony award.
On the other hand, Mr. Brewer has not lost his license to practice law. No one claims that he is physically incapacitated. Even accepting the trial court’s finding that Mr. Brewer will have great difficulty earning a living as a trial attorney in the future, he clearly has some earning capacity and is continuing in his efforts to practice law. Mr. Brewer himself indicated a hope that his fledgling law practice would grow as he developed a client base. There remains at least a chance that Mr. Brewer *989 will develop a law practice that generates significant income or that he will turn to some other gainful occupation. It is also possible that he could receive assets that could be used to support his former wife.
Ms. Brewer’s continued need for support is indisputable. By terminating Mr. Brewer’s support obligation to his wife of eighteen years, the trial court has forever foreclosed her right to seek an increase in alimony if Mr. Brewer’s fortunes improve. These are textbook facts for an order reducing alimony to a nominal amount in order to preserve the former wife’s future rights. We conclude that the trial court abused its discretion in terminating alimony rather than reducing the alimony to a nominal amount. See Blanchard v. Blanchard, 793 So.2d 989 (Fla. 2d DCA 2001). Accordingly, we reverse that portion of the order that terminates alimony and remand to the trial court to set some appropriate nominal level of alimony.
Affirmed in part, reversed in part, and remanded.
SALCINES and STRINGER, JJ., concur.

. The stipulation did not classify the alimony as either permanent or temporary and did not designate whether it was modifiable. The parties do not argue that the stipulation to terminate alimony after 120 months should alter the analysis in this case.

. The order provided that the child support would be reduced further to $423 per month when the eldest of the four children became an adult in May 2003.

. We do not claim to understand this decision, in light of the similar issues presented in the modification or enforcement of child support and alimony, and in light of the adverse effect a reduction in alimony may have on dependent children residing with the receiving parent.